**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Otis MURRAY, III, Defendant—
Appellant.**

No. 01–1393.

United States Court of Appeals,
Sixth Circuit.

Feb. 25, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

OPINION

PER CURIAM.

On February 3, 1998, Appellant Otis Murray was convicted of one count of conspiracy to distribute cocaine and/or cocaine base in violation of 21 U.S.C. § 846. His conviction and sentence were affirmed by this Court on appeal, and the mandate was entered on May 30, 2000. However, on September 28, 2000, Murray filed a motion to recall the mandate based upon the United States Supreme Court's intervening decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This Court granted Murray's mo-

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

tion and remanded the case to the district court for resentencing in light of the *Apprendi* decision. On February 21, 2001, the district court entered an amended judgment sentencing Murray to 240 months incarceration. Murray appeals from this amended judgment on two grounds, each relating to the application of *Apprendi* to his sentence.

■ First, Murray argues that the district judge erred by failing to submit the issue of drug quantity to the jury for determination under a "beyond a reasonable doubt" standard. However, Murray received a sentence within the statutory maximum prescribed for a defendant convicted without reference to a specific drug amount. *See* 21 U.S.C. § 841(b)(1)(C). Subsequent to Murray's Notice of Appeal, this Court held in *United States v. Burns,* 298 F.3d 523 (6th Cir.2002), that *"Apprendi* 'is not triggered' where the defendant receives a term of imprisonment within the statutory maximum that would have applied even without the enhancing factor (such as the drug amount)." *Id.* at 544 (quoting *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000)). *See also Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 2416, 153 L.Ed.2d 524 (2002) (holding that anything that increases the statutory minimum is a sentencing factor, rather than an element, and, therefore, need not be determined by a jury beyond a reasonable doubt); *United States v. Leachman,* 309 F.3d 377, 383 (6th Cir. 2002) ("[A]ll ... cases before this Circuit which have held that *Apprendi* applies to mandatory minimum sentences, are overruled to the extent they conflict with *Harris* and this opinion"); *United States v. Copeland,* 304 F.3d 533, 553 (6th Cir.2002) ("[A] defendant cannot demonstrate an *Apprendi* violation where he has been sentenced to a term of years encompassed by § 841(b)(1)(C)").

■ Second, Murray contends that the Second Superseding Indictment is constitutionally defective because it fails to state an essential element of the charge against him; specifically, the quantity of drugs attributed to him. Again, an intervening decision by this Court has ruled against Murray's position. In *United States v. Stewart,* 306 F.3d 295, 310 (6th Cir.2002), this Court held that "failure to allege a drug quantity does not render a drug distribution indictment constitutionally infirm. Instead, when specific quantities are not alleged, a defendant should be sentenced under 21 U.S.C. § 841(b)(1)(C), which establishes the default statutory maximum sentences and does not require as an element of the offense a specific quantity of drugs." In issuing the amended judgment, the district court did indeed sentence Murray under § 841(b)(1)(C), bringing Murray's case within the purview of *Stewart.*

Upon being served with an order to show cause why the district court's judgment should not be affirmed on the basis of *Leachman, Burns,* and *Copeland* as to the first issue, and *Stewart* as to the second, Murray conceded the application of those cases to his appeal. In accordance with those decisions, we **AFFIRM** the judgment of the district court.